UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:20-CR-00027-3-JRG-CRW |
| | ) | |
| RICHARD OWENS | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Richard Owens's Pro Se Motion for Application for a Sentence Reduction [Doc. 125], in which Mr. Owens requests relief under Amendment 821 to Appendix C of the *United States Sentencing Commission Guidelines Manual*; the Federal Defender Services of Eastern Tennessee's Notice of No Intention to File a Supplemental Motion [Doc. 130]; and the United States's Response in Opposition [Doc. 136]. For the reasons herein, the Court will deny Mr. Owens's motion.

### I. BACKGROUND

In 2020, a federal grand jury charged Mr. Owens with multiple offenses under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, as well as firearms offenses. [Indictment, Doc. 11, at 1–4]. He pleaded guilty to the lesser included offense of conspiring to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 21 U.S.C. § 846. [Plea Agreement, Doc. 53, at 1]. At sentencing, his total offense level was 25 and his criminal history category was VI, and his advisory guidelines range was 110 to 137 months' imprisonment. [Statement of Reasons, Doc. 58, at 1]. Over the United States's objection, the Court, based on its determination that Mr. Owens was a minor participant in the conspiracy and based on his poor physical condition, varied downward and sentenced him to a below-guidelines sentence of 92 months' imprisonment. [*Id.* at 3; J., Doc. 85, at 2].

Acting pro se, Mr. Owens now moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to Appendix C of the *United States Sentencing Commission Guidelines Manual*. The United States opposes his motion. Having carefully reviewed the parties' arguments, the Court is now prepared to rule on Mr. Owens's motion.

## II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Congress enacted one of those exceptions in 18 U.S.C. § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In short, a prisoner will be eligible for a reduction under § 3582(c)(2) if he satisfies two requirements. *See United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (stating that the defendant "must show" that he is entitled to a sentence reduction under § 3582(c)(2)).

First, the prisoner must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Taylor*, 815 F.3d 248, 250 (6th Cir. 2016) (quoting *id.*); *see* U.S. Sent'g Guidelines Manual § 1B1.10(a)(1) cmt. n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range[.]").[1] This is so

---

[1] "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *United States v. Douglas*, 634 F.3d 852, 862 (6th Cir. 2011) (alteration in original) (footnote omitted) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993))).

because Congress has "charge[ed] the Commission both with deciding whether to amend the Guidelines and with determining whether and to what extent an amendment will be retroactive." *Dillon v. United States*, 560 U.S. 817, 826–27 (2010) (footnote committed) (citing 28 U.S.C. § 994(o), (u))).

Second, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Taylor*, 815 F.3d at 250 (quoting § 3582(c)(2)). USSG § 1B1.10 contains the Sentencing Commission's policy statements. *See* U.S. Sent'g Guidelines Manual § 1B1.10(a)(1) (providing that a reduction "shall be consistent with this policy statement"). A reduction is inconsistent with USSG § 1B1.10 when the amendment at issue (1) does not apply to the defendant or (2) does not lower the defendant's guidelines range. *Id.* § 1B1.10(a)(2)(A)–(B). In determining whether a reduction is consistent with USSG § 1B1.10, the Court first calculates "by what amount" a prisoner's sentence "may be reduced." 28 U.S.C. § 994(u); *see Dillon*, 560 U.S. at 826–27. In doing so, the Court identifies the amended guidelines range—that is, the guidelines range that would have applied to the prisoner if the applicable amendment had been in effect during sentencing—and it substitutes this guidelines range for the original guidelines range. *Dillon*, 560 U.S. at 827; U.S. Sent'g Guidelines Manual § 1B1.10(b)(1). A prisoner generally is not entitled to receive a reduction below the minimum of the amended guidelines range. U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A).

If a reduction is consistent with § 1B1.10, the Court must then shift its attention to any applicable factors under 18 U.S.C. § 3553(a), as well as to public-safety factors, to determine—in its discretion—whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) ("[T]he district court *may* reduce a previously imposed sentence if

3

[the] statutory requirements . . . are met. Section 3582 does not create a *right* to a reduced sentence, however." (citing U.S. Sent'g Guidelines Manual § 1B1.10 cmt. background)); U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(i) (stating that courts "shall consider the factors set forth in 18 U.S.C. § 3553(a)"); U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(ii)–(iii) (stating that courts "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant").

### III. ANALYSIS

In 2023, the Sentencing Commission submitted to Congress a multi-part amendment to the guidelines's criminal history rules: Amendment 821 in Appendix C to the *Guidelines Manual*. The Sentencing Commission gave retroactive effect to two parts of that amendment: Part A and Part B, Subpart 1. *See* U.S. Sent'g Guidelines Manual § 1B1.10(d); U.S. Sent'g Guidelines Suppl. to app. C, amend. 825. Part A of Amendment 821 addresses "status points" under USSG § 4A1.1. Status points are the criminal history points that apply to defendants who have committed their underlying federal offense while serving a prior criminal sentence—most often probation, parole, or supervised release. Specifically, Part A decreases status points from two points to one point for defendants with seven or more criminal history points and eliminates status points for defendants with six or fewer criminal history points. As amended by Amendment 821, § 4A1.1 in Chapter Four of the *Guidelines Manual* now reads:

> The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
>
> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

4

(c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.

(d) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.

(e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S. Sent'g Guidelines Manual § 4A1.1.

In Part B, Subpart 1 of Amendment 821, the Sentencing Commission created a brand new guideline: USSG § 4C1.1 in Chapter Four of the *Guidelines Manual*, in which it instituted a decrease of two offense levels for "Zero-Point Offenders" (i.e., offenders with no criminal history points) whose offense did not involve certain aggravating factors. To receive this two-level adjustment, a zero-point offender must "meet[] all of the following criteria":

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

*Id.* § 4C1.1.

In moving for a sentence reduction, Mr. Owens seeks relief under Part A of Amendment 821, arguing that he is entitled to "a 2 points criminal history category reduction." [Def.'s Mot. at 3]. The United States asserts that he is ineligible for a sentence reduction because Amendment 821 does not lower his guidelines range. [United States's Resp. at 2]. The United States is correct.

At sentencing, Mr. Owens received seven or more criminal history points, specifically having amassed 20 total criminal history points, and two of those criminal history points were status points. [PSR , Doc. 71, ¶¶ 53–54]. Under Part A, he is now entitled to a one-status-point deduction, *see* U.S. Sent'g Guidelines Manual § 4A1.1(e), which results in a total criminal history score of 19 instead of 20. A criminal history score of 19, however, means he still qualifies as a criminal history category VI because this category requires 13 criminal history points. So even with the benefit of the one-point deduction in his status points, he remains a category-VI offender. His criminal history category of VI and total offense level of 25 yield a guidelines range of 110 to 137 months—the same guidelines range that applied to him at sentencing.

Part A does not, therefore, lower his guidelines range, and because it does not lower his guidelines range, he is not entitled to a sentence reduction under Part A. *Id.* § 1B1.10(a)(2)(b); *id.* § 1B1.10(a)(1) cmt. n.1(A). In addition, Mr. Owens—who, again, received 20 criminal

6

history points at sentencing—is plainly not a zero-point offender, so Part B does not avail him either. He is therefore not entitled to relief under Amendment 821.

## IV. CONCLUSION

Mr. Owens fails to show that he is entitled to a sentence reduction under § 3582(c)(2), and his motion [Doc. 125] is therefore **DENIED**.

So ordered.

ENTER:

                                                  s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE